OPINION OF THE COURT
Alice Schlesinger, J.
This court" converted respondent’s motion to dismiss into one for summary judgment as well. The court sought affidavits and further argument on whether room 512 is an apartment as defined by section 27-2004 (a) (14) of the Administrative Code of the City of New York.
Section 27-2004 (a) (14) provides that: "Apartment shall mean one or more living rooms, arranged to be occupied as a unit separate from all other rooms within a dwelling, with lawful sanitary facilities and a lawful kitchen or kitchenette for the exclusive use of the family residing in such unit.” (Emphasis added.)
Respondent Corn states in a sworn affidavit that his room (512) does not contain a kitchen. He states that he has a "one burner hotplate, but no stove, no refrigerator, no sink, no counter, or any other kitchen facility.”
Lawrence Wood, an investigator employed by respondent’s attorneys, corroborates this point. He notes as well that there is no kitchen in the public areas of the fifth floor.
*857 Petitioner fails to rebut this point in any manner. In fact petitioner does not even deal in the converted motion with whether room 512 contains a kitchen or not.
Instead, counsel for the landlord urges that the Administrative Code must be construed as permitting occupancy by only one person (Administrative Code § 27-2075 [a] [1]). Any other construction of the overcrowding provision, he argues, would be in contravention of the Legislature’s intent in enacting the Multiple Dwelling Law and the city’s enactment of the Housing Maintenance Code (Administrative Code § 27-2001 et seq.).
Petitioner asserts that while a locality may enact more restrictive provisions than provided by the Multiple Dwelling Law, it may not enact laws that are less restrictive (Multiple Dwelling Law § 3 [4] [a]; [5]). In the event section 27-2075 (a) (2) is found to be controlling the goals of the Multiple Dwelling Law and the Housing Maintenance Code (HMC), he claims, would be frustrated as it would permit more persons to occupy the same amount of space than would be permitted to occupy an apartment.
Respondent’s motion to dismiss converted to summary judgment is granted. Section 27-2075 (a) (1) of the Administrative Code applies to persons occupying apartments in class A or class B multiple dwellings. Room 512 does not meet the requirements set forth by the Administrative Code for an apartment as it does not contain a kitchen or kitchenette. (Administrative Code § 27-2004 [a] [14].) This point is conceded by petitioner’s failure to even raise the issue when given the specific opportunity to do so by the court.
Finally, it would defy logic to apply the Multiple Dwelling Law’s definition of “apartment” as opposed to the Administrative Code’s definition in construing a provision of the Administrative Code. Moreover, it appears to this court that the Legislature specifically intended to defer to localities more restrictive requirements for height, area or use. (See, Multiple Dwelling Law § 3 [5].)[1]
The court is unpersuaded by petitioner’s arguments. The *858 purpose behind both the Multiple Dwelling Law and HMC is to establish minimum standards of protection for light and air, fire protection and sanitation (Multiple Dwelling Law § 2; HMC § 27-2002).
In contrast, the maximum occupancy provisions of the HMC (Administrative Code § 27-2075 [a] [1], [2]) were enacted to provide tenants with much greater protection than that offered by the Multiple Dwelling Law and other provisions of the HMC. Specifically, the maximum occupancy provisions were intended "to prevent practices common earlier in the century, when landlords overcrowded cramped tenements and rooming house rooms with large numbers of tenants.” (Kalimian v Olson, 130 Misc 2d 861, 862 [Sup Ct, NY County 1986].)[2]
The minimum standards of protection offered by the Multiple Dwelling Law and HMC are not being encroached by this court’s strict construction of Administrative Code § 27-2075 (a) (1). A landlord is not precluded from bringing a proceeding based on the maximum occupancy provisions provided he can establish a violation by the tenant of the available space requirements.
It is for the city to determine the amount of space available to occupants of apartments (80 square feet per person) (Administrative Code § 27-2075 [a] [1]); to occupants of a living room in a room unit (110 square feet per two persons); or to occupants of SROs (130 square feet per two persons) (Administrative Code § 27-2075 [a] [2]). Parenthetically, the court notes that the difference between Administrative Code § 27-2075 (a) (1) and (2) is that under subdivision (a) (1) the floor area for the kitchen or kitchenette is included in measuring livable space whereas under subdivision (a) (2) a kitchen is not included. Hence, in practical terms the amount of livable space required for each occupant under both provisions is roughly the same.
For the foregoing reasons, the petition is dismissed.

. It is noteworthy that petitioner appears to have made an informal judicial admission in a prior proceeding entitled 459 W. 43rd St. Corp. v City of New York (134 Misc 2d 187). In that action petitioner’s vice-president, Robert Durst, in support of a motion to enjoin enforcement of the SRO Moratorium Law stated in a sworn affidavit that room 512 was a vacant SRO unit. Thus, petitioner’s position in this proceeding appears to be inconsistent with its earlier position (see, Fisch, New York Evidence § 803, at 475).

. Given that the law was intended as a shield to protect tenants from unscrupulous landlords, and not as a sword for landlords to use to evict tenants, the use of this law to commence holdover proceedings where no violation has been placed against the premises has been criticized.